No. 40

LIFER v. COTTON et

Ohio Appeals, 5th Dist., Knox Co.

No. 244. Decided Nov. 22, 1926

Judges Lemert, Allread & Ferneding, 2nd Dist., sitting.

997. REAL PROPERTY—When life tenant of farm dies several months after term of annual tenant begins, the owners in fee are entitled to a reasonable rental from said life tenant's death until the end of the term; and the annual tenant is entitled to emblements.

BY THE COURT.

This action was brought in the Knox Common Pleas by Frank Cotton et al, the owners of the fee of a certain farm, against Sherman Lifer, who was an annual tenant, and the administrator of the Huddleston, who was a tenant for life. Lifer's term began April 1, 1924, and teh life tenant under whom he held, died June 3, 1924. The owners thereafter brought suit against Lifer, the administrator, to recover the reasonable value of the rent of the farm from June 3, 1924, to April 1, 1925.

The owners of the fe erecovered from Lifer, and the administrator of Huddleston was discharged. Error was prosecuted and the Court of Appeals held:

1. It appears that shortly after the death of Huddleston the owners of the fee agreed with Lifer that he might remain on the farm for the remainder of the term, but notified him through attorneys, that they would look to him for the use of the farm from the death of the life tenant.

2. The amount claimed by Cotton et, in their petition was a reasonable rental; and under the law, Lifer, upon the death of the life tenant, was entitled to the amblements, to wit; the growing corn. But, for other purposes, including the possession of the farm, the owners of the fee were entitled to the rental.

3. Technically speaking, Cotton et, were entitled only to recover the reasonable rental value of the farm, less the portion planted in corn, and which Lifer could hold for the purpose of cultivation and harvesting of the corn; but evidently the amount agreed upon was intended to be the reasonable rental, and the court below propertly accepted said amount as the measure of liability.

Judgment affirmed.

(Lemert, Allread & Ferneding, JJ., concur.)

Attorneys—F. O. Levering for Lifer; Columbus Ewalt for Cotton et; both of Mt. Vernon.